ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal is from a judgment granting a Rule 12(b), Alabama Rules of Civil Procedure, motion to dismiss the complaint for failure to state a claim for which relief could be granted.
On June 13, 1988 Calvin Brooks filed a complaint in the Circuit Court of Houston County against Personal Touch, alleging a breach of an employment contract. The defendant filed a motion to dismiss the complaint for its failure to state a claim upon which relief could be granted. After a hearing the trial court granted the motion. Plaintiff appeals pro se.
After a careful reading of plaintiffs brief, we find that it does not comply with Rule 28, Alabama Rules of Appellate Procedure.
Rule 28(a), A.R.A.P., provides as follows:
“(a) Brief of the appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
“(1) A table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited;
“(2) A statement of the case (The statement shall first indicate briefly the nature of the case, the course of proceedings and its disposition in the court below);
“(3) A statement of the issues presented for review;
“(4) A full statement of facts relevant to the issues presented for review, with appropriate references to the record (see subdivision (e));
“(5) An argument (The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on); and,
“(6) A short conclusion stating the precise relief sought.”
In preparing his brief, plaintiff has completely failed to observe the requirements of Rule 28(a). Plaintiff’s brief contains a recitation of facts that were not contained in the complaint, and the citation of three cases that had no relevance to the issue on appeal, i.e. the validity of the trial court’s dismissal of plaintiff’s complaint based on defendant’s Rule 12(b) motion.
Due to plaintiff’s failure to comply with Rule 28(a), A.R.A.P., we consider that we must affirm the trial court’s judgment.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code *38 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.